NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 08-19492 (KCF) |
| | Bankruptcy Adv. No. 09-1151 (KCF) |
| Ilia & Manua AWAD, | |
| Debtors. | |
| BANK OF NEW YORK TRUST CO., as Indenture Trustee of GMAC MORTGAGE CORP., | Civil No. 09-3322 (AET) |
| | **MEMORANDUM & ORDER** |
| Appellant, | |
| v. | |
| UNITY BANK, | |
| Appellee. | |

THOMPSON, United States District Judge.

This matter comes before the Court upon Appellant Bank of New York Trust Co.'s ("New York Trust") appeal of the Bankruptcy Court's June 10, 2009 Orders granting Appellee Unity Bank's ("Unity") motion for summary judgment and denying New York Trust's cross-motion for summary judgment. The Court has decided this appeal based on the submissions of the parties, and without oral argument pursuant to Fed. R. Bankr. P. 8012. For the reasons stated below, the Orders of the Bankruptcy Court are affirmed.

**I. Background**

1. Bankruptcy Proceedings

In New Jersey, priority of competing mortgages is determined by the order in which they

were properly recorded, so long as the recording party had no actual knowledge of another party's prior interest.  N.J. Stat. Ann. § 46:22-1; <u>Cox v. RKA Corp.</u>, 164 N.J. 487, 496 (2000).

In 2003, Ilia & Manua Awad ("Debtors") obtained a first mortgage from Sovereign Bank in the amount of $142,663.65 ("Sovereign Mortgage").  The Sovereign Mortgage was recorded on January 24, 2004.  Claimants agree that the Sovereign Mortgage has first priority in the bankruptcy proceedings.

On October 11, 2005, GMAC Mortgage, L.L.C. dba ditech.com ("GMAC") loaned $100,000 to Debtors, securing the loan with a second mortgage ("2005 GMAC Mortgage") on 68 Seymour Avenue, Edison, New Jersey 08817.  (Appellant's Br. IV [5])  The 2005 GMAC Mortgage was recorded on November 29, 2005. (Compl. 2 [2-2])

On March 7, 2007 Unity loaned Manal & Ilia Corporation $120,000, securing the loan with a third mortgage ("Unity Mortgage") on the same real property.  (Appellee's Br. v [7])  The Unity Mortgage was recorded on March 27, 2007.  (Compl. 2 [2-2])  It is undisputed that Unity knew about the existence of the 2005 GMAC Mortgage and intended to secure a third priority lien on the property when the loan was made.  (Appellee's Br. v-vi [7]).

On April 18, 2007, Debtors requested a refinance of the 2005 GMAC Mortgage, receiving a new loan of $119,400 from GMAC ("2007 GMAC Mortgage").  (Appellant's Br. IV [5])  GMAC discharged the 2005 GMAC Mortgage with the proceeds of the 2007 loan. (Appellant's Br. IV [5])  The 2007 GMAC Mortgage was recorded on May 23, 2007.  (Compl. 2 [2-2])

Debtors defaulted on the Unity Mortgage in December 2007.  (Appellee's Br. vi [7])  On April 2, 2008, Unity obtained a title report for 68 Seymour Avenue which listed three

encumbrances with the following priority: (1) the Sovereign Mortgage, (2) the Unity Mortgage and (3) the 2007 GMAC Mortgage. (Appellee's Br. vi [7])  Relying on this title report, Unity commenced a foreclosure action on April 8, 2008, joining GMAC as a defendant as the holder of a subordinate encumbrance.  (Appellee's Br. vii [7])  On May 23, 2008 default judgment was entered in the foreclosure action against GMAC due to its failure to plead.[1]  (Appellee's Br. vii [7])

On May 21, 2008, the Debtors filed a Chapter 13 bankruptcy petition.  (Appellant's Br. V [5])  Debtors' Chapter 13 plan classified Unity's claim as an unsecured mortgage in the third priority position.  (Appellee's Br. viii [7])  Unity repeatedly objected to confirmation of the Chapter 13 plan because of its belief that the Unity Mortgage should be in the position of second priority.  (Appellee's Br. viii [7])

In order to determine the priority of the GMAC and Unity Mortgages, Debtors filed an adversary proceeding on January 30, 2009.  (Compl. 4 [2-2])  Unity filed a motion for summary judgment in the adversary proceeding, arguing that based on the April 2, 2008 title report and the New Jersey recording statute it was entitled to second priority.  (Mot. for Summ. J. 5 [2-8])  On June 3, 2009, New York Trust as indenture trustee of GMAC responded by filing a cross-motion for summary judgment, contending that it was entitled to equitable subordination, which would

---

[1]The Court notes that New York Trust contends that the default judgment was entered in error, as the foreclosure action had been automatically stayed under § 362 of the Bankruptcy Code.  However, the entry of default judgment does not affect the determination of whether Unity's attorneys' fees incurred by initiating the foreclosure action and objecting to the bankruptcy plan were sufficient detrimental reliance to deny a request for equitable subordination.

place the 2007 GMAC Mortgage in second lien position ahead of the Unity Mortgage. (Cross Mot. for Summ. J. 8 [2-26])

The Bankruptcy Court held a hearing on June 10, 2009 and found that Unity had relied to its detriment on the April 2008 title report, thereafter incurring substantial attorneys' fees to initiate a foreclosure action, object to the Chapter 13 plan, and in the adversary proceeding. (Transcript 17:7-17:10) Because of this detrimental reliance, the Bankruptcy Court found that equitable subordination was not justified. (Transcript 17:11-17:13) The Bankruptcy Court entered Orders granting Unity's Motion for Summary Judgment [2-36] and denying New York Trust's Cross-Motion for Summary Judgment [2-32].

  2.  Proceedings On Appeal

New York Trust filed its Notice of Appeal from the Bankruptcy Court's Orders on July 8, 2009. New York Trust argues on appeal that the Bankruptcy Court committed reversible error when it found that the attorneys' fees incurred by Unity were sufficient detrimental reliance to prevent the application of equitable subordination. (Appellant's Br. 7 [5]) New York Trust contends that all of the other elements for equitable subordination were met, and that therefore the Bankruptcy Court erred in not subrogating the Unity Mortgage. (Appellant's Br. 4 [5]) Unity claims that its reliance on the April 2008 title report and GMAC's failure to raise equitable subordination as a defense at any point prior to the Cross-Motion justifies Unity's position of second priority.[2]

---

[2] Unity also suggests that New York Trust did not demonstrate the necessary prerequisites for equitable subordination of lack of knowledge and unjust enrichment. (Appellee's Br. 3-4 n.2 [5]) The Court agrees with the Bankruptcy Court's analysis of the unjust enrichment requirement under U.S. Bank Nat. Ass'n v. Hylton. 403 N.J. Super. 630, 643 (App. Div. 2008) (unjust enrichment when claimant obtained benefit of holding first priority lien without paying for it,

**II.     Discussion**

The Court has jurisdiction to hear appeals from final judgments, orders, and decrees entered by the Bankruptcy Court.  28 U.S.C. § 158(a).  On appeal, the Court reviews the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its exercises of discretion for abuse thereof.  In re Professional Ins. Management, 285 F.3d 268, 282 (3d Cir. 2002).

After notice and a hearing, a bankruptcy court may, "under principles of subordination, subordinate . . . all or part of an allowed claim to all or part of another allowed claim."  11 U.S.C. § 510(c).  The primary purpose of equitable subordination is to prevent the unjust enrichment of junior liens.  Metrobank For Sav., FSB v. Nat'l Cmty. Bank,  262 N.J. Super. 133, 144 (App. Div. 1993).  Subordination is an equitable doctrine that is "applied only in the exercise of the court's equitable discretion."  United States v. Avila,  88 F.3d 229, 239 (3d Cir. 1996) (citing Metrobank, 262 N.J. Super. at 144).  Since equitable subordination is a discretionary remedy, the Court will review the Bankruptcy Court's determination under the abuse of discretion standard. See Avila, 88 F.3d at 239.  It is an abuse of discretion to found a ruling on an error of law or to misapply the law to the facts.  In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999).

A mortgagee who accepts a mortgage whose proceeds are used to pay off an older

---

plaintiff made some attempts to discover other liens and would otherwise have expected remuneration to give up its position of priority).  Unity could be considered to have been unjustly enriched by its shift from third to second priority because it made no payment to obtain the benefit, and because according to GMAC it wouldn't have closed on the refinancing if it had known of the Unity Mortgage.  (Transcript 12:22-12:25)
    As discussed below, the Bankruptcy Court made no determination on GMAC's lack of knowledge, instead holding that the issue was not determinative.  (Transcript 15:25-16:8)

mortgage may enjoy the priority afforded the old mortgage to the extent of that loan so long as the new mortgagee lacks knowledge of other intervening encumbrances.  U.S. Bank Nat. Ass'n v. Hylton, 403 N.J. Super. 630, 638 (App. Div. 2008) (citing Metrobank, 262 N.J. Super. at 143-44).  Equitable subordination is only available to the extent that no other claimant will be prejudiced or has changed his position in reliance upon the discharge of the old mortgage. Camden County Welfare Bd. v. Federal Deposit Ins. Corp., 1 N.J. Super. 532, 549 (Ch. Div. 1948).

New York Trust contends that Unity's incurrence of attorneys' fees is insufficient grounds to deny its request for equitable subordination because attorneys' fees were incurred in every case where equitable subordination was applied.  (Appellant's Br. 6 [5])  The classic example of detrimental reliance is when a claimant's interest attached to the property after discharge of the old mortgage.  See Hylton, 403 N.J. Super. at 641.  However, there is no case law which states that this is the only form of detrimental reliance recognizable by a Bankruptcy Court.

The facts of this case are distinguishable from the precedent cited by New York Trust because Unity incurred attorneys' fees not only in the current priority dispute, but also in its decision to proceed with a foreclosure action and in opposing the Debtors' Chapter 13 plan.  In other cases finding that there was no detrimental reliance, the only attorneys' fees incurred had been those spent in the priority dispute.  See Camden, 1 N.J. Super. at 544 (subordinated claimant, the FDIC, did not incur any costs other than those of priority dispute); Hylton, 403 N.J. Super. at 641 (priority dispute arose in answer to initial foreclosure action).  Thus, it was not clear error to find that Unity Bank detrimentally relied on the discharge of the 2005 GMAC mortgage when it incurred attorneys' fees related to the foreclosure action and opposing the

Chapter 13 plan.

Further, the Court does not agree with New York Trust's contention that the Bankruptcy Court found that New York Trust had shown all of the prerequisites for equitable subordination had been met. (Appellant's Br. 3 [5]). Lack of knowledge is a prerequisite for equitable subordination. Hylton, 403 N.J. Super. at 638. GMAC contends that it was unaware of the Unity mortgage at the time of the refinancing while Unity has continued to argue that further discovery would be necessary on this issue. (Appellant's Br. 3 [5]; Appellee's Br. 4 n.2 [7]) GMAC submitted that Debtor's refinance application did not mention the Unity loan and was supposed to disclose all mortgages on the property. (Fleischer Cert. 3 [2-27]) However, as Unity pointed out, GMAC did not show that it had failed to run a title search. (Appellee's Br. 4 n.2 [7])

Although the Bankruptcy Court at one point stated that "all of the elements are present for allowing equitable subrogation," it also noted that Unity's objection to the sufficiency of the evidence was "well taken" and went no further in its analysis because it did not feel that the issue was not dispositive. (Transcript 16:20-16:21,15:25-15:8) The Court's understanding is that the Bankruptcy Court did not find that GMAC lacked actual knowledge of the Unity Mortgage. Rather, it appears that there was a remaining genuine issue of material fact.

Given the Bankruptcy Court's finding of detrimental reliance on the part of Unity and the open questions of fact, it was within the Bankruptcy Court's discretion to deny the request for equitable subordination. The Court concludes that the Bankruptcy Court did not abuse its discretion in finding that Unity relied to its detriment on the discharge of the 2005 GMAC mortgage. Because equitable subordination was not applicable, the Unity Mortgage held second priority based on the New Jersey recording statute. The Court therefore affirms the Bankruptcy

Court's order granting summary judgment for Unity and denying New York Trust's motion for summary judgment.

## **CONCLUSION**

For the foregoing reasons, and for good cause shown,

IT IS on this 20th day of October, 2009,

ORDERED that the June 10, 2009 Orders of the Bankruptcy Court are AFFIRMED.

                                                 s/ Anne E. Thompson
                                                 ANNE E. THOMPSON, U.S.D.J.